[No. 6,948.—Department Two.]

## FRESNO LAND COMPANY v. DANIEL McCARTHY.

DELIVERY OF DEED—AGENT—ESCROW—FRAUD—INSUFFICIENCY OF EVIDENCE.—In an action to cancel a deed and to quiet the plaintiff's title to the land therein described, the issue involved was as to the delivery of the deed, and the Court found that the same was delivered, and that it was not procured by fraud. *Held:* The findings were not supported by the evidence.

APPEAL from a judgment for the defendant in the Thirteenth District Court, County of Fresno. CAMPBELL, J.

It appeared from the evidence (without substantial conflict) that the plaintiff negotiated with the defendant to sell him the land in controversy for fifty head of horses, provided the horses were as represented, and the defendant, on seeing the land, was satisfied with it; that and in pursuance of this negotiation a deed was signed by the plaintiff, and placed in the hands of its agent, Perrin, who was authorized to deliver it after examining and accepting the horses. Perrin and the defendant went to look at the horses, but saw only thirty-five head, the defendant stating that there were fifteen head more about twenty miles away, which he assured Perrin were fully up to the average of the horses which he had seen. Perrin thereupon concluded to consummate the trade, and

gave the defendant the deed, and the defendant gave him a
bill of sale of the horses—all with the understanding that
defendant was to have the privilege of going the next day to
see the land, and if it suited him it was to be considered a
trade; but upon examining the land he was dissatisfied, and
returned the deed and took back the bill of sale. Afterwards,
the defendant intending to go to San Francisco, where the
office of the plaintiff was, Perrin gave him the deed to be de-
livered at the office of the company. The defendant, instead
of doing this, had the deed recorded, and claimed that it had
been duly delivered.

*J. P. Meux* and *Creed & Edwards*, for Appellant.

"If one to whom a deed is made gets possession of it,
without something answering to a delivery on the part of
the maker, it will not affect the title of the maker, nor avail
him." (3 Wash. Real Prop., *supra; Cutts* v. *York Co.*, 18 Me.
190; *Hadlock* v. *Hadlock*, 22 Ill. 388; *Black* v. *Shreve*, 13 N.
J. Eq. 457; *Roberts* v. *Jackson*, 1 Wend. 478.)

The intention of the parties must govern in the act of de-
livery, just as much as in the contract itself. (3 Wash. Real
Prop., *supra; Tisher* v. *Beckwith*, 30 Wis. 55; *Prutsman* v.
*Baker*, Id. 644; *Steel* v. *Miller*, 40 Iowa, 402; *Stiles* v. *Probst*,
69 Ill. 382; *Burkholder* v. *Casad*, 47 Ind. 418; *Fisher* v. *Hall*,
41 N. Y. 416; *Critchfield* v. *Critchfield*, 24 Penn. 100.)

The deed must be accepted by the grantee to complete the
delivery. This is essential to constitute it a deed. (*Stephens*
v. *R. R. Co.*, 20 Barb. 332; *Jackson* v. *Phipps*, 12 Johns. 418;
*Carnes* v. *Platt*, 6 Rob. (N. Y.) 270; *Parmelee* v. *Simpson*, 5
Wall. 86; *Commonwealth* v. *Jackson*, 10 Bush, 424; *Gilbert*
v. *North Am. Ins. Co.*, 23 Wend. 45; S. C., 35 Am. Dec. 543;
*Crosby* v. *Hillyer*, 24 Id. 280; *Kingsbury* v. *Burnside*, 58 Ill.
310.)

If a deed be passed to the grantee or his agent, not as a
present delivered deed, but to take effect as a delivery at a
future time, or when he shall consent to accept it, then there
is no delivery. (*Ford* v. *James*, 4 Keyes (N. Y.), 300; *Comer*
v. *Baldwin*, 16 Minn. 172; *R. R. Co.* v. *Iliff*, 13 Ohio St. 254;
*Southern Life Ins. Co.* v. *Cole*, 4 Fla. 359; *Los Angeles Land*

*Co.* v. *Phillips,* 7 Pac. C. L. J. 25; *Hawkes* v. *Pike,* 105 Mass. 560; *Black* v. *Shreve,* 13 N. J. Eq. 457.)

This was nothing more than a deed deposited with Perrin in escrow, as is abundantly proven, to be by him delivered to McCarthy, on certain conditions agreed on between the parties. (*Ford* v. *James,* 4 Keyes, 300; *Los Angeles L. Co.* v. *Phillips,* 7 Pac. C. L. J) These conditions were never complied with; and no delivery of the deed, therefore, however honestly made, by Perrin, or whether done through fraud on the part of defendant, or by collusion between him and Perrin, could possibly have passed the title to the land. A strict compliance is always necessary. (Civil Code, § 1057; *Dyson* v. *Bradshaw,* 23 Cal. 528; *Barr* v. *Schroeder,* 32 id. 610; *Fitch* v. *Bunch,* 30 id. 208; *Hannah* v. *Swarner,* 8 Watts, 9; S. C., 34 Am. Dec. 442.)

*H. C. Tupper* and *W. D. Tupper,* for Respondent.

Robert Perrin had the actual authority, and to defendant he had the ostensible authority, to deliver the deed to defendant.

A grant can not be delivered to the grantee conditionally. Delivery to him is necessarily absolute, and the instrument takes effect thereupon, discharged of any condition on which the delivery was made.  (C. C., § 1056.)

MYRICK, J.:

The Court below found that the plaintiff freely and voluntarily, for a good, sufficient, and valuable consideration, executed, acknowledged, and delivered to the defendant a good and sufficient conveyance of the land mentioned in the findings, and that the deed was not procured and obtained by fraud, deceit, and misrepresentation of defendant to plaintiff, and without any consideration whatever, and was not intrusted to said defendant by an agent of plaintiff for the sole and exclusive purpose of having the same returned and delivered to plaintiff, with the distinct and express understanding by, with, and between the agent and defendant, that defendant would return and deliver the deed to plaintiff, and that defendant did not falsely and fraudulently appropriate said deed to himself and to his own use.

These findings are not supported by the evidence. Upon the matters above referred to there is in the evidence no substantial conflict, and the evidence shows a state of things directly and unequivocally opposite to the facts as found.

Judgment and order reversed, and cause remanded for a new trial.

SHARPSTEIN and THORNTON, JJ., concurred.